UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

|  |  |  |
|---|---|---|
| HARLAN CULBERTSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 6:22-cv-014-HRW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| GILLEY, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Harlan Culbertson is a federal inmate currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without counsel, Culbertson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. [D.E. No. 1] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1] Having reviewed Culbertson's § 2241 petition, the Court concludes that it must be dismissed for lack of subject-matter jurisdiction.

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

In February 2008, Culbertson was convicted by a jury in the United States District Court for the Eastern District of Tennessee of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Because of Culbertson's criminal history, Culbertson qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), thus he was subject to a mandatory minimum sentence of 15 years of imprisonment pursuant to 18 U.S.C. § 924(e)(1).[2] The advisory guideline range recommended by the Pre-Sentence Report ("PSR") prepared by the U.S. Probation Office was 235 to 293 months.  On May 5, 2008, Culbertson was sentenced to a term of imprisonment of 240 months.  *See United States v. Culbertson*, No. 2:07-cr-067-JRG-MCLC-1 (E.D. Tenn.) at D.E. No. 28, 29, 31.  His conviction was affirmed on appeal to the United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court denied his petition for writ of certiorari.  *Id*. at D.E. No. 38, 41.

In March 2011, Culbertson filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing in part that he should not have been sentenced as an armed career criminal because three of his prior convictions for a serious drug offense should not have been counted separately.  *Id*. at D.E. No. 42,

---

[2] The ACCA provides a sentencing enhancement for offenders who have three or more prior convictions for a "serious drug offense" or a "violent felony."  18 U.S.C. § 924(e)(1).  Culbertson's criminal history included four convictions for a "serious drug offense."

43.   However, in August 2012, the District Court denied Culbertson's motion, concluding that each of Culbertson's four prior serious drug offenses were "committed on occasions different from one another," thus Culbertson was properly classified as an armed career criminal under 18 U.S.C. § 924(e)(1).  *Id*. at D.E. No. 51.  Culbertson's application for a Certificate of Appealability was denied by the Sixth Circuit.  *Id*. at D.E. No. 56.

In November 2016, the Sixth Circuit denied Culbertson's request for authorization to file a second or successive § 2255 motion in light of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), concluding that *Johnson* did not apply to Culbertson's case because it invalidated only the residual clause of the ACCA's definition of "violent felony" and Culbertson's sentence was enhanced on the basis of his four prior serious drug offenses.  *Id*. at 65.

In 2017, Culbertson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, seeking relief from his sentence pursuant to *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016) and *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016).  *Culbertson v. Hutchings*, 6:17-cv-203-KKC (E.D. Ky.) at D.E. No. 1.  However, Culbertson's § 2241 petition was denied on initial review, both because Culbertson could not pursue his claim in a § 2241 petition filed via the savings clause of 28 U.S.C. § 2255(e) and because his claim for relief under *Mathis* was without merit.  *Id*. at D.E. No. 5.

3

Culbertson has now filed a second § 2241 petition in this Court, this time arguing that, in light of the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), his prior convictions no longer qualify as "serious drug offenses," thus he was misclassified as an armed career criminal. However, the Court must dismiss Culbertson's § 2241 petition for lack of subject-matter jurisdiction because Culbertson's petition does not meet the requirements that would permit him to challenge his sentence in a § 2241 petition filed pursuant to the "savings clause" provision of 28 U.S.C. § 2255(e). *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather,

4

a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255 in the court that sentenced him.  *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).   However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause to challenge a sentence in a  § 2241 petition, a petitioner must show that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Thus, under *Hill*, a prisoner seeking to challenge his sentence in a § 2241 petition filed pursuant to § 2255(e) must show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial §

2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The retroactive case of statutory interpretation upon which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See id*. at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"). *See also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court). In addition, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to do so mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Culbertson does not meet these requirements because he does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to proceed with his claim in a § 2241 petition via the savings clause of § 2255(e). *See Hill*, 836 F.3d at 600; *Hueso*, 948 F.3d at 326. Culbertson relies on the decision of the Sixth Circuit Court of Appeals in *Havis*, as well as the decisions issued in *United States v. Palos*, No. 19-4186 (6th Cir. 2020), *United States v. Powell*, No. 18-3654 (6th Cir. 2019), and *United States v. Cordero*, No. 19-3540 (6th Cir. 2020). [D.E. No. 3 at p. 17-25] However, none of these cases are Supreme Court decisions. In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added).

Because Culbertson does not meet the requirements to proceed in this matter via the savings clause of § 2255(e), this Court may not entertain his § 2241 petition. Accordingly, Culbertson's § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Culbertson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

7

2.   This action is **STRICKEN** from the Court's docket.

3.   A corresponding Judgment will be entered this date.

This the 8th day of March, 2022.


Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

8